

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00137-CR
_____

ADRIAN LOPEZ GRINER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 385th District Court
Midland County, Texas
Trial Court No. CR50374; Honorable Robert H. Moore III, Presiding

June 20, 2018

## ORDER OF DISMISSAL

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant was convicted of unlawful possession of a firearm by a felon[1] and sentenced to two years imprisonment. The trial court suspended the sentence and placed Appellant on community supervision for five years. Appellant's retained counsel, Mr. Roy

---

[1] TEX. PENAL CODE ANN. § 46.04(a) (West 2011).

Scott, filed a notice of appeal.[2]

The clerk's record and reporter's record were due May 21, 2018, but were not filed. That day, the reporter notified this court that Appellant had not requested preparation or made acceptable payment arrangements for the reporter's record. *See* TEX. R. APP. P. 35.3(b)(2), (3). On May 22, the clerk also notified this court that Appellant had not made payment arrangements for the clerk's record. *See* TEX. R. APP. P. 35.3(a)(2). By letter of May 22, we directed Appellant to make acceptable payment arrangements for the clerk's record and request preparation and make acceptable payment arrangements for the reporter's record by June 1. Failure to do so, we advised, could result in the appeal being abated and the cause remanded to the trial court for further proceedings. *See* TEX. R. APP. P. 37.3(a)(2). The clerk and reporter have since notified the clerk of this court that Appellant has not complied with the court's order.

On June 5, Appellant's counsel filed a motion to dismiss the appeal. However, the motion was not signed by Appellant as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure. In the affidavit accompanying the motion, Mr. Scott states "My client, Adrian Griner, has ignored all correspondence and phone messages. Although Mr. Griner told me that he did not want to pursue the appeal, I am unable to get his signature on the Motion to Dismiss."

Although Rule 42.2(a) does require that an Appellant must sign the written motion to dismiss, his counsel has informed this court that he has been unable to obtain that

---

[2] Originally appealed to the Eleventh Court of Appeals, this case was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

signature.  Based upon counsel's representation, to expedite the final disposition of this matter, we suspend the operation of Rule 42.2(a) insofar as it requires Appellant's signature.  *See* TEX. R. APP. P. 2.

Accordingly, no decision of this court having been delivered, the motion is granted, and the appeal is dismissed.

Per Curiam

Do not publish.